IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

WHITNEY MCCORD

    Plaintiff,

vs.

HARDEMAN COUNTY GOVERNMENT,
HARDEMAN COUNTY AMBULANCE
SERVICE, and JIMMY SAIN, Individually
and IN HIS OFFICIAL CAPACITY AS MAYOR
OF HARDEMAN COUNTY, TENNESSEE

    Defendants.

No. 1:20-cv-1109
JURY TRIAL DEMANDED

## COMPLAINT

COMES NOW Plaintiff, Whitney McCord, ("Plaintiff"), and files this Complaint against Defendants, Hardeman County Government, Hardeman County Ambulance Service and Jimmy Sain, Individually and in his official capacity as Mayor of Hardeman, County, Tennessee (hereinafter "Defendants") and states as follows:

### NATURE OF CLAIMS

1. Ms. McCord is formerly an emergency medical technician for the Hardeman County Ambulance Service. This action is brought for unpaid overtime under the Fair Labor Standards Act, as amended, 29 U.S.C. §201, *et seq.*, ("FLSA") to recover unpaid back wages, overtime wages, an additional equal amount of liquidated damages, front pay, and to obtain declaratory relief, and reasonable attorney's fees and costs. Further, Defendants violated Plaintiff's First Amendment rights by retaliating against her because of her political endorsement

of an opposing candidate, in violation of 42 U.S.C. §1983. She was terminated based solely on her political endorsement of an opposing candidate.

2. It is unconstitutional for a government agency to discipline an employee for engaging in partisan political activity, as long as that activity is not disruptive to the agency's operations. The discipline against her sent a message to others to avoid exercising their rights.

## PARTIES

3. Plaintiff Whitney McCord is an adult citizen and resident of Hardeman County, Tennessee. During the applicable statutory period, Plaintiff McCord was an employee of Hardeman County Government, working in the Hardeman County Ambulance Service Department as an Emergency Medical Technician ("EMT").

4. Defendant Hardeman County Government (the "County"), is a political subdivision of the State of Tennessee with the power to sue and be sued in its own name. Defendant operates an EMS Department to provide emergency medical services to the citizens and residents of Hardeman County, as well as to other persons within the county in need of emergency medical attention or care. The County may be served through its chief executive officer, Mayor Jimmy Sain, at 100 North Main Street, Bolivar, Tennessee, 38008.

5. Defendant Hardeman County Ambulance Service, is a department within the Hardeman County Government and is charged with the responsibility of maintaining the emergency medical services to the citizens and residents of Hardeman County, and to other persons within the county in need of emergency medical attention. The Ambulance Department may be served through its department director, Troy Dempsey, at 735 Naylor St, Bolivar, Tennessee, 38008.

6. Defendant, Jimmy Sain, ("Sain") is an adult resident of Hardeman County,

Tennessee, who is being sued individually and in his official capacity as Mayor of Hardeman County, Tennessee. During the applicable statutory period, Defendant Sain was the mayor of Hardeman County and can be served at 100 North Main Street, Bolivar, Tennessee, 38008.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29

8. U.S.C. § 216(b), because this action is based, in part, on the FLSA. This Court has jurisdiction over Plaintiff's constitutional claims under the First and Fourteenth Amendments to the United States Constitution pursuant to 28 U.S.C. § 1331. Such claims are actionable pursuant to 43 U.S.C § 1983.

9. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendants are located within this judicial district and division, and the unlawful labor practices giving rise to the Plaintiff's claims occurred in Hardeman County, Tennessee.

11. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## STATEMENT OF FACTS

12. Plaintiff McCord began her employment with Defendants' EMS Department in May 2006. She was a full-time emergency medical technician from May 2008, until she was demoted to part-time in November 2018, following the election of Defendant Sain to the office of Hardeman County Mayor.

13. Plaintiff McCord was wrongfully terminated in June 2019, when she was removed by the employer from the work schedule and not scheduled to work again.

14. Plaintiff McCord has been a certified advance emergency medical technician since May 2006.

15. At all times relevant to this Complaint, Plaintiff was a non-exempt employee for purposes of the Fair Labor Standards Act.

**Facts Specific to FLSA Violations:**

16. During the applicable time period, the work week for Hardeman County EMT's was a seven (7) day work week which began at 00:01 Saturday and ended at 24:00 midnight on Friday, each week.

17. During the relevant statutory period, Plaintiff regularly worked in excess of forty (40) hours per week, generally working one full twenty-four (24) hour shift beginning at 07:00 every fourth day, totaling forty-eight (48) hours per work week for thirty-nine (39) weeks each year. Plaintiff did not receive the correct over-time pay as required by the FLSA, because Defendants promulgated an unlawful policy that EMS workers were not eligible for overtime compensation unless they worked in excess of forty-eight (48) hours during a one-week pay period.

18. Defendants were aware and had knowledge that Plaintiff was working in excess of forty (40) hours per week, for at least thirty-nine (39) weeks per year.

19. At all times relevant to this Complaint, Plaintiff was not regularly engaged in fire protection or law enforcement activities during her employment with Defendants, nor was she regularly or routinely dispatched to fire suppression or law enforcement situations.

20. In addition, Plaintiff was routinely required to work "off the clock" because she was required to stay after her shift had concluded if she was on an emergency call, transporting someone to a hospital outside of Hardeman County or to complete required reports.

21.     Plaintiff was required to be on-call every twenty-forth (24th) day immediately following working a twenty-four (24) hour shift.  Plaintiff was given notice of her on-call days, weeks in advance and would be disciplined for failure to be available during her on-call time.

22.     Plaintiff was not compensated for her on-call time even though she was restricted from effectively using this time for personal use.

23.     At all times relevant to this Complaint, Plaintiff was a good and faithful employee of Defendants and consistently performed all of the essential functions of her jobs in an acceptable and competent manner.

24.     Plaintiff repeatedly complained to officials within the Defendants' County Administration as well as within Defendants' EMS Department about the Department's policies and practices regarding the recording of compensable time and the calculation of overtime compensation. However, Plaintiff was intimidated and coerced to continue working under these unlawful conditions by her immediate supervisors, by the EMS Department Director and the Mayor of Hardeman County.

25.     Plaintiff McCord's position as an emergency medical technician was neither a policy-making nor confidential position and her political beliefs, associations or affiliations were not related to how effective her job performance was.

26.     Plaintiff McCord was highly qualified for her job as an EMT. Throughout her employment, Plaintiff fully and competently performed her duty and responsibilities.

**Facts Specific to First Amendment Violations:**

27.     The 2018 Hardeman County mayoral election was a spirited campaign. Plaintiff McCord supported longtime friend and fellow church member, Kandy Shackelford, rather than Defendant Sain.

28. A major topic during the 2018 mayoral election campaign was the ambulance/EMS department.

29. Plaintiff McCord counseled with and gave advice to candidate Shackelford which was not supportive of Sain.

30. Plaintiff McCord's support for Ms. Shackelford was within her constitutional right of expression, association, and speech, and the Plaintiff acted within her rights as a citizen. Plaintiff's political opposition to Defendant Sain was open and obvious.

31. Following the 2018 Mayoral election, Plaintiff McCord was demoted from full time employment to part time employment and subsequently terminated because of her political opposition to Defendant Sain. As a result of the wrongful actions of Defendants in the demotion and termination of Plaintiff, she has suffered damages, including, *inter alia*, lost wages and benefits, emotional damage and humiliation.

32. Patronage dismissals or adverse employment actions of governmental employees who do not hold policymaking or confidential positions have been recognized as unconstitutional.

33. In this case Plaintiff McCord has been wrongfully terminated because of her political opposition to Defendant Sain in the 2018 mayoral election, in violation of her federal constitutional right to free expression, free association, and free speech; and files this action pursuant to 40 U.S.C. § 1983. That section states that a person who, under color of law, is subjected to the contravention of any rights, privileges or immunity secured by the Constitution can maintain an action.

34. Defendant Hardeman County delegated its decision-making authority for hiring and firing employees of Hardeman County Emergency Services Department to Defendant Sain.

35. The demotion and eventual termination of Plaintiff McCord for failing to support Defendant Sain in the Hardeman County, Tennessee mayoral election and for supporting his opponent, Kandy Shackelford, violated Plaintiff's constitutional rights.

36. At the time of termination, Plaintiff McCord was a few months shy of reaching her 10-year retirement mark. Because of the wrongful termination, Plaintiff has lost the monies she had paid into the system.

37. Plaintiff McCord, at the time of her termination, had accrued vacation, holiday, sick and compensatory time during her employment with Hardeman County Government.

38. The Hardeman County personnel policy sets forth that all unused accrued compensatory time, vacation time and holiday time will be paid at the time the employee ends their employment with Defendant.

39. For many years it has been the consistent practice of Hardeman County Government to hold all compensatory time until termination/resignation/retirement of employee and then to pay the accrued time to the employee. This practice has been followed up to 2018.

40. In 2018, Defendant Sain made the decision to no longer pay Hardeman County employees for their accrued compensatory, vacation and holiday time at the time of termination of employment.

41. It has likewise been, for many years, the consistent practice of Hardeman County Government to pay all accrued vacation and holiday time at time of termination of employment.

42. Plaintiff McCord accrued compensatory time, vacation time and holiday time which was owed to her at the time of her termination of employment with Hardeman County.

**FIRST CAUSE OF ACTION**

(Fair Labor Standards Act – Failure to Pay Overtime Wages)
(Individual and Collective Action)

43. Plaintiff repeats and re-alleges each and every allegation of Paragraphs 1-42 as if restated herein verbatim.

44. Defendant Hardeman County, is an "employer" for purposes of the Fair Labor Standards Act, 29 U.S.C. § 203(d), because it is a "public agency."

45. Plaintiff was an employee of Defendants for purposes of the Fair Labor Standards Act during times relevant to this Complaint.

46. Defendants failed to pay Plaintiff at the rate of one and one-half times her normal rate of pay for all hours worked in excess of forty (40) hours per work week as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

47. Defendants also failed to pay Plaintiff for all compensable time for which Plaintiff provided work for the benefit of Defendants.

48. Defendants also failed to pay Plaintiff for all accrued compensatory, vacation and holiday time at the time of her termination, in violation of its handbook.

49. Plaintiff is entitled to back wages at the rate of one and one-half times her regular rate of pay for all overtime hours worked in excess of forty (40) hours per week, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

50. Plaintiff is entitled to be paid for all accrued compensatory, holiday and vacation time which she had accumulated at the time of termination.

51. Plaintiff is also entitled to an award of back pay at her regular hourly rate for her overtime rate, as appropriate compensation for all time spent in working for Defendants, which was wrongfully excluded by Defendants in calculating her compensable time.

52. Defendants' failure to compensate Plaintiff for overtime worked and for "off the clock hours" as required by the FLSA was knowing, willful, intentional, and done in bad faith.

53. Plaintiff is also entitled to liquidated damages equal to the amount of overtime compensation and unpaid compensation due to her under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

54. The work and pay records of Plaintiff are in the possession, custody, and/or control of Defendants, and Defendants are under a duty pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and pursuant to the regulations of the United States Department of Labor to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained. Plaintiff requests an order of this Court requiring Defendants to preserve such records during the pendency of this action.

55. Plaintiff is also entitled to an award of reasonable attorney's fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

56. Defendant Hardeman County has been unjustly enriched as a result of accepting the work of Plaintiff without proper compensation. It would be unjust to allow Defendants to enjoy the fruits of Plaintiff's work without proper compensation.

57. Plaintiff has retained Heaton and Moore, P.C. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## SECOND CAUSE OF ACTION

(Asserted Against Sain for Violating
Plaintiff's First Amendment Rights Under 42 U.S.C. § 1983)

58. Plaintiff repeats and re-alleges each and every allegation of Paragraphs 1-57 as if restated herein verbatim.

59. The First Amendment prohibits government officials from retaliating against or

taking adverse employment actions based on the employee's political associations or based on the official's desire to make room for his own political supporters.

60. Defendant Sain's adverse employment action of initially demoting Plaintiff from full-time to part-time employment and then terminating, was motivated by his desire to punish and discriminate against Plaintiff for her support of his political adversary.

61. As a result of this illegal conduct, Plaintiff has suffered damages, including, *inter alia*, loss of her pension, lost wages and benefits, humiliation, pain, and suffering.

## THIRD CAUSE OF ACTION

(Asserted Against Hardeman County for Violating
Plaintiff's First Amendment Rights Under 42 U.S.C. § 1983)

62. Plaintiff repeats and re-alleges each and every allegation of Paragraphs 1-61 as if restated herein verbatim.

63. As discussed in the Second Cause of Action *supra*, Defendant Sain violated Plaintiff's federal rights under the First Amendment to the United States Constitution.

64. Under 42 U.S.C. § 1983, Hardeman County is vicariously liable for the unconstitutional conduct of Sain. In particular, because Sain, as County Mayor, held final policy-making authority over the relevant personnel decisions, his conduct constitutes governmental policy for purposes of the County's liability under 42 U.S.C. § 1983.

## FOURTH CAUSE OF ACTION

(Asserted Against Defendants for Violating
Plaintiff's Fourteenth Amendment Rights Under 42 U.S.C. § 1983)

65. Plaintiff repeats and re-alleges each and every allegation of Paragraphs 1-64 as if restated herein verbatim.

66. Defendants' retaliation as to Plaintiff by first demoting her from full-time to part-

time duty and then terminating her, violated Plaintiff's equal protection rights under the Fourteenth Amendment of the United States Constitution. Defendants' actions also violated Plaintiff's due process rights because Plaintiff had a reasonable expectation of future employment, which property right was unconstitutionally thwarted by Defendants by first demoting her to part-time basis and then terminating her.

67. As a result of this illegal conduct, Plaintiff has suffered damages, including *inter alia*, lost wages and benefits, humiliation, pain, and suffering.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court enter judgment for the following relief:

1. A declaratory judgement that Defendants have willfully and in bad faith violated the overtime compensation provisions of the FLSA, and have deprived Plaintiff of her rights to such compensation.  Awarding Plaintiff overtime compensation in the amount due to her for her time worked in excess of forty (40) hours per week;

2. An order requiring Defendants to provide a complete and accurate accounting of all the overtime compensation and other compensation to which Plaintiff is entitled.

3. Awarding Plaintiff liquidated damages in an amount equal to overtime award;

4. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

5. Awarding Plaintiff pre and post-judgment interests;

6. Awarding Plaintiff all damages to include back pay and front pay that are available to her under the law;

7. An order requiring Defendants to preserve all electronically stored information relevant to this lawsuit; and,

8. For all such other relief as the Court deems just and equitable and to which Plaintiff is entitled at law and equity.

9. Reinstatement of Plaintiff to her previous job, awarding back pay, front pay, additional loss of income and fringe benefits, punitive damages, pre-judgment and post-judgment interest as to all amounts awarded, and an award of all costs incurred in pursuing this action, including discretionary costs and attorney fees.

10. For actual and compensatory damages, including emotional damages and humiliation in the amount of $750,000.00.

PLAINTIFF DEMANDS A TRIAL BY JURY WHEN THE ISSUES ARE JOINED HEREIN.

Respectfully submitted on this the 15th day of May, 2020.

**HEATON AND MOORE, P.C.**

By: /s/ William C. Sessions
William C. Sessions, III (TN #15017)
*Attorney for Plaintiff*
44 North Second Street, Suite 1200
Memphis, Tennessee 38103
(901) 531-7563
File No: WS-51811