UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| WHITNEY MCCORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-1109-STA-cgc |
| ) | |
| HARDERMAN COUNTY ) | |
| GOVERNMENT, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER GRANTING IN PART DEFENDANTS' PARTIAL MOTION TO DISMISS

Before the Court is Defendants' Motion for Partial Dismissal Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed on July 20, 2020. (ECF No. 15). As of the date of this order, Plaintiff has not filed a Response to Defendants' Motion. For the reasons discussed below, this Court is constrained to **GRANT** the Motion in part.

BACKGROUND

Plaintiff's Amended Complaint states that Defendants violated Plaintiff's First and Fourteenth Amendment rights by retaliating against her for endorsing the candidate opposing Defendant Jimmy Sain in a 2018 Hardeman County mayoral election contest. (Amend. Compl. 1, ECF No. 12.) Plaintiff, a shift supervisor at the Hardeman County Emergency Services Department, provided the opposing candidate with information on the ambulance and EMS Department, the management of which was apparently a major topic during the campaign. (*Id.* ¶ 9.) Plaintiff alleges that Sain, in concert with Plaintiff's ex-husband and her supervisor, worked behind the scenes to push Plaintiff out of the EMS Department. (*Id.*) Other employees have

allegedly supported an opposing candidate without being unlawfully terminated and Plaintiff asserts that this is the first instance of Defendants encouraging supervisors to terminate employees based on political support for opposing candidates in county elections. (*Id.* ¶ 13.) Such retaliatory actions therefore violated Plaintiff's equal protection rights under the Fourteenth Amendment. (*Id.*) Plaintiff maintains that they further violated Plaintiff's due process rights under the Fourteenth Amendment because Plaintiff had a reasonable expectation of future employment, a property right that was unlawfully taken from her by Defendants. (*Id.*).

The Amended Complaint further states that Defendants violated the Fair Labor Standards Act (FLSA) by failing to compensate Plaintiff for overtime consistently worked throughout her employment with the EMS Department and by failing to pay Plaintiff's accrued vacation, holiday, and compensatory time at Plaintiff's termination of employment. (*Id.* ¶ 5 - 6.)

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). A complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

ANALYSIS

Plaintiff filed this lawsuit on May 15, 2020, pursuant to 29 U.S.C. § 201 and 42 U.S.C. § 1983, alleging that Defendants withheld compensation to which Plaintiff was entitled under the FLSA and that Defendants' actions violated her First and Fourteenth Amendment rights under 42 U.S.C. § 1983. Defendants argue in their Motion that Plaintiff's Fourteenth Amendment claims should be dismissed and that the Hardeman County Ambulance Service should be dismissed as a party, since it is not a legal entity subject to suit. This Court will address each respective argument below.

**I.      Fourteenth Amendment Claims**

Plaintiff filed suit against Defendant Mayor Jimmy Sain, in his individual capacity, and Defendant Hardeman County Government for violating her Fourteenth Amendment rights under the Equal Protection and Due Process clauses. Defendants argue that Plaintiff does not allege that she is a member of a protected class and that, because "class-of-one" theories of equal protection violations do not apply in the public employment context, Plaintiff's Fourteenth Amendment claim on an equal protection basis should fail.

This Court is persuaded by Defendants' arguments. "The Equal Protection Clause of the Fourteenth Amendment 'protects against invidious discrimination among similarly-situated individuals or implicating fundamental rights.'" *Davis v. Prison Health Services*, 679 F.3d 433, 438 (6th Cir. 2012) (quoting *Scarbrough v. Morgan Cnty. Bd. of Educ.,* 470 F.3d 250, 260 (6th Cir. 2006)); *see also TriHealth, Inc. v. Bd. of Comm'rs,* 430 F.3d 783, 788 (6th Cir. 2005) (stating

that the Equal Protection Clause "prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference"). This analysis begins by defining an "identifiable group." *Engquist v. Oregon Dep't of Agric.,* 553 U.S. 591, 601, 128 S.Ct. 2146, 170 L.Ed.2d 975 (2008) (quoting *Pers. Adm'r of Mass. v. Feeney,* 442 U.S. 256, 279, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979)).

Here, Plaintiff has alleged no facts that, if taken as true, state a plausible claim that Defendants terminated her employment because of a class-based distinction. Her argument is essentially that Hardeman County created a similarly situated class of people who were not terminated and a "class of one," herself, who was terminated.  In *Engquist v. Oregon Dep't of Agric.*, the Supreme Court held that such "class of one" theories are untenable in the public employment context, stating, "recognition of a class-of-one theory of equal protection in the public employment context—that is, a claim that the State treated an employee differently from others for a bad reason, or for no reason at all—is simply contrary to the concept of at-will employment." 553 U.S. 591 at 606.  Plaintiff does not assert that Defendants made class-based distinctions on the basis of employees' political beliefs, treating that distinct group of individuals differently from other groups.  On the contrary, Plaintiff explicitly states that other employees of Hardeman County Government have endorsed opposing candidates without being terminated and that Defendant employer has not encouraged supervisors to find a reason to terminate other Hardeman County employees based on endorsing opposing candidates in county elections. Therefore, because Plaintiff bases her Equal Protection claim exclusively on a class of one theory, her Fourteenth Amendment Equal Protection Clause Claim is **DISMISSED**.

Plaintiff claims to have had a property interest based on a reasonable expectation of future employment, the unlawful deprivation of which constituted a violation of her procedural Due Process rights under the Fourteenth Amendment.  Defendants argue that, because Plaintiff does not allege that she had a contract for employment or give any other basis for finding that her expectation of continued employment was a protected property interest, she fails to establish that she had a property interest protected by the Due Process Clause.  This Court is unpersuaded that, at this juncture, it is appropriate to dismiss Plaintiff's claim for relief under the Due Process Clause.

A pleading that states a claim for relief must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8.  The allegations in Plaintiff's Amended Complaint meet the requirement of a short and plain statement of the claim.  The nature of Plaintiff's claim did not require her to plead her facts with especial particularity.  Defendants' argument that Plaintiff fails to allege the existence of a contract is not dispositive.  A contract for employment is not a necessary condition for the existence of a property interest in the employment context.  *See Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 2709, 33 L. Ed. 2d 548 (1972) (citing *Connell v. Higginbotham*, 403 U.S. 207, 208, 91 S.Ct. 1772, 1773, 29 L.Ed.2d 418 (1971) (where the Court held that the principle proscribing summary dismissal from public employment without due process also applied to a teacher recently hired without tenure or a formal contract, but "nonetheless with a clearly implied promise of continued employment.")). Because Plaintiff has pled the facts surrounding her claim with enough detail at this stage of the

pleadings, Defendants' Motion to Dismiss Plaintiff's claim under the Due Process Clause of the Fourteenth Amendment is **DENIED**.

## II. Whether Hardeman County Ambulance Service is a Suable Entity

Defendants argue that Hardeman County Ambulance Service is not a separate legal entity from Hardeman County, Tennessee. Rather, as acknowledged by the Plaintiff in her Amended Complaint, it is a department within the Hardeman County Government. State law governs the capacity of Hardeman County Ambulance Service to sue or be sued. *See* Fed. R. Civ. P. 17(b)(3). Tennessee state law permits suits against counties. Tenn. Code Ann. § 5-1-105. This Circuit has held that suits against departments of counties are suits against the counties themselves and that such departments are not suable entities. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (holding that the County Jail is a department of the county, which is the appropriate entity subject to suit). Therefore, because Hardeman County Ambulance Service is a department within the Hardeman County government and Tennessee state law provides no separate statutory framework for suits against departments within counties, Defendants' Motion to Dismiss the Hardeman County Ambulance Service from this action is **GRANTED**.

## CONCLUSION

In sum, Defendant's Partial Motion to Dismiss is **GRANTED** in part. Plaintiff's Fourteenth Amendment Claim under the Equal Protection Clause of the Fourteenth Amendment is **DISMISSED**. Furthermore, Hardeman County Ambulance Service is **DISMISSED** from this action.

**IT IS SO ORDERED.**

                                                 **s/ S. Thomas Anderson**
                                                 S. THOMAS ANDERSON
                                                 CHIEF UNITED STATES DISTRICT JUDGE

Date:  September 28, 2020.